USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-22-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA                 :

    - v -                                                          :

BORIS GIL GUERRERO,                          :

    Defendant.                                      :

------------------------------------------------------x

13 Cr. 213 (PAC

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Boris Gil Guerrero ("Gil Guerrero") moves to withdraw his guilty plea of February 22, 2016 to a three count indictment charging him with participating in three conspiracies: (i) to extort; (ii) to impersonate federal officials; and (iii) to commit wire fraud. Fed. R. Crim. P. 11(d)(2)(B) allows a defendant to withdraw a guilty plea before sentencing, if he can show "a fair and just reason for requesting the withdrawal." The defendant bears the burden of demonstrating grounds for relief, and the decision to allow withdrawal is within the District Court's discretion.

Prior to accepting the plea, Gil Guerrero was placed under oath and he swore to tell the truth. He acknowledged that he had reviewed the indictment with his attorney, who had explained the consequences of pleading guilty. Gil Guerrero said that he was satisfied with his attorney's counsel, advice and representation; (Feb. 22, 2016, Tr. at pg. 5). The Pimentel letter was marked as an exhibit and the Court reviewed the maximum penalties which could be imposed (Id. at pg. 7-8). Gil Guerrero said that he was pleading guilty, because he was in fact guilty (Id. at pg. 11). The government then summarized the three counts in the indictment and reviewed its evidence to establish the elements of each count alleged in the indictment (Id. at pg.

1

12-15). Gil Guerrero set forth in his own words his admissions to the crimes charged (Id. at pg. 15-16).

There is no doubt that Gil Guerrero's plea was knowing and voluntary. Gil Guerrero swore in open Court that he was pleading guilty because he was guilty in fact; and then provided the factual details of his crimes. A plea given in these circumstances cannot be withdrawn on a whim or a lark. U.S. v. Hyde, 570 U.S. 670; 117 S.Ct. 1630 (1997).

Gil Guerrero does not assert that his plea was the result of a misunderstanding or misinterpretation. Instead, he asserts that his plea on February 22, 2016 was attributable to the late disclosure of a limited amount of Rule 16 discovery materials. He claims that he did not have time to review the new disclosures, prior to the commencement of trial, and his assigned counsel said the only option was to plead guilty.

These arguments are specious. The argument about not having sufficient time was previously made, but upon consideration, the Court rejected it. Gil Guerrero's argument that his lawyer had him read a statement at his plea which he disagreed with, is contradicted by the minutes of his February 22, 2016 plea. The Court concludes that Gil Guerrero has failed to show a "fair and just reason" for withdrawing his guilty plea. Accordingly, the motion is denied. Sentencing will proceed on December 19, 2016.

**Procedural History**

Gil Guerrero and numerous co-defendants, all citizens of the Dominican Republic, were indicted for an impersonation and extortion scheme. They would call people in the United States, who had purportedly violated United States law by ordering prescription drugs over the internet or through a call center located in the Dominican Republic. The Dominican Republic callers claimed to be DEA agents and threatened the United States residents with formal arrest,

unless they promptly wired money to the pretend DEA Agents. The extortion scheme yielded millions of dollars.

Unlike his co-defendants, Gil Guerrero decided to proceed to trial. He sought a Bill of Particulars and Rule 16 Discovery, and other relief. The Court held its final pretrial conference on Wednesday, February 10, 2016. The parties submitted proposed Voir Dire and proposed Request to Charge. The Court directed the Government to produce 3500 material before trial. The parties also discussed whether the Government could introduce evidence of a parallel extortion scheme. This scheme involved callers from the Dominican Republic pretending to be agents of an electric utility, and threatening immediate termination of electric service, unless the unfortunate call recipient made a substantial payment, which was to be immediately wired.

Mr. Joyce objected to the introduction of the evidence of the energy scheme. He contended that the scheme charged on the indictment involved calling people who purchased prescription drugs over the internet, or at a call center in the Dominican Republic. Their names, addresses and phone numbers were on lists prepared by the internet companies or call center. The energy scheme, however, had nothing to do with prescription lists; nor with lists of people; nor with individuals claiming they were DEA agents. Mr. Joyce's objection was based on Gil Guerrero's concern that "he was going to be charged for something different than what he was" extradited for (Feb. 10, 2016 Tr., pg. 8). In other words, Gil Guerrero was extradited for his illegal participation in the impersonation and extortion scheme, involving prescription drugs; but he was going to be tried for participating in the energy scheme. The Court indicated that it would allow the introduction of the energy scheme.

On February 18, 2016, Mr. Joyce was advised that the government was producing additional Rule 16 material which had been found on Gil Guerrero's cell phone. The day before,

in the course of preparing a DEA lab technician for testimony at trial, the U.S. Attorney's Office learned that while Mr. Gil Guerrero's cell phone was reported to be locked, in fact its S.D. card was not locked. The S.D. card contained a list of United States residents, their phone numbers and addresses. They apparently had ordered prescription drugs from the Dominican Republic via the internet, along with a listing of prescription drugs which were available and had been ordered. The document should have been produced one year earlier; but it was promptly produced by the United States Attorney's Office after the lab technician disclosed its existence.

On Thursday, February 18, 2016, Mr. Joyce requested an immediate conference to seek preclusion of the late produced information. The Court held a conference on Friday, February 19, 2016. The list was not new; similar lists of customers' names and drugs had been previously produced. Lists were also described in the criminal complaint, as well as in affidavits in support of search warrants. What was new was that a list of United States customers who were allegedly extorted was on Gil Guerrero's phone.

At Mr. Joyce's urging, the Court reviewed its options for the appropriate treatment of the late produced materials from Gil Guerrero's cell phone. Gil Guerrero sought preclusion; but the Court denied the application. Next, Gil Guerrero sought a one week continuance. The Court declined to do so. As previously noted, the lists from Gil Guerrero's cell phone were not new. Nor were they voluminous; or complex. While Mr. Joyce claimed there were thousands of lines of data, in fact the list of names was less than 20 pages of familiar material. Furthermore, since the trial was estimated to last 5 days, the introduction of the "new" material would not occur until the fourth or fifth day of trial. Finally, since the late produced materials were on Gil Guerrero's own cell phone, he could hardly claim surprise, even if he was disappointed in the late production of the material. In these circumstances, there was no need for a continuance.

While the materials from Gil Guerrero's cell phone knocked a hole in his likely defense that he was participating in an energy scheme, not the impersonation and extortion conspiracy alleged in the indictment, that was not a reason to grant a continuance.

A review of the guilty plea of February 22, 2016, shows that Gil Guerrero knew what he was doing; and his decision to plead was anything but hasty. It was in fact, a reasoned decision in the face of overwhelming evidence of guilt. The Court had ruled on his preclusion and continuance applications as of February 19, 2016. Further, Gil Guerrero had a good sense of the government's case against him, since he had the 3500 material. At the plea on February 22, 2016, the government represented that it had recordings of the defendant with a co-conspirator discussing the cashing of extortion payments; records from Money Gram and Western Union showing the defendant directly received extortion payments; testimony of victims who paid extortion payments directly to the defendant, plus the evidence (customer list and drug list) found on Gil Guerrero's cell phone.

Gil Guerrero made the following allocution. As to Count 1, the conspiracy to extort, Mr. Gil Guerrero admitted that he "agreed with others to devise a plan whereby individuals in the United States would give us money consensually. They gave us this money because they were afraid that if they did not, they might be arrested. When the individual paid money, they sent the funds through interstate commerce. I retrieved the funds that were sent due to this fraud." (February 22, 2016 Tr., pg. 15-16).

As to Count 2, the conspiracy to impersonate federal officers, Mr. Gil Guerrero stated, "one individual who I was working with pretended to be an agent of the United States FBI so that the person in the United States would send money to avoid being arrested. I picked up the funds that this individual sent from Money Gram." (Id. at 16).

As to Count 3, the wire fraud conspiracy, Mr. Gil Guerrero stated that the "individuals who were the victims of fraud sent the money to me in the Dominican Republic, transmitted the money by means of wires in interstate and foreign commerce. Specifically, the wires of Western Union and Money Gram systems were used." (Id. at pg. 16).

Contrary to Gil Guerrero's assertion in his affidavit in support of his Rule 11 motion, that he was not given a chance to properly answer or respond to the new evidence, the evidence – a customer list, along with a list of drugs, was not new. The only thing new was that a copy had been found on Gil Guerrero's phone. In these circumstances, he is really seeking a reconsideration of the Court's February 19, 2016 ruling on preclusion and a continuance. The Court declines to do so now, as it had previously.

Contrary to Gil Guerrero's claim that he could not review the new material or "absorb it thoroughly", it was perfectly obvious what the impact of the document was. Based on these arguments, he contends that his plea was not voluntary. He said he was forced to "read the script" that his counsel had prepared for him. The Court rejects this argument.

After Mr. Gil Guerrero recited the factual basis for the crimes charged in Counts 1, 2, and 3, the Court noted that he was reading from a statement. This is the same statement which Mr. Gil Guerrero now asserts in the affidavit that he could not see it, and that his lawyer forced him to read it. The Court asked Mr. Gil Guerrero if he had written the statement himself. He replied: "Between me and my attorney wrote it, sir." (Feb. 22, 2016 Tr., pg. 16). The Court then asked if Gil Guerrero adopted those words as his own. He replied: "Yes, they are my own." (Id. at pg. 16-17).

On this record, there is no "fair and just reason" which would allow the plea to be withdrawn. Gil Guerrero first sought to change counsel and to withdraw his plea almost

immediately after he saw the Department of Probation's Pre-Sentence Report of May 13, 2016. A coincidence, perhaps. It is apparent to the Court, however, that Gil Guerrero is trying to avoid the consequences of his plea. The plea was not coerced; it is not the product of mistake or misrepresentation; there is no factual basis for the claim that the late produced evidence should have been precluded or that a continuance was necessary. There was nothing new in the late produced material. There were numerous lists which had been previously produced. And the only thing new was the fact that the drug list was on Gil Guerrero's phone. While this shattered his argument that he only engaged in a similar electric utility scheme, with neither drugs nor impersonation of federal law enforcement officials, it does not entitle him to withdraw his plea.

The motion to withdraw is denied. Sentencing will proceed on Monday, December 19, 2016 at 3:00 p.m. in Courtroom 14-C.

Dated: New York, New York
November 22, 2016

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge